# In the United States Court of Federal Claims

No. 19-650C
(Filed: February 21, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
MICHAEL-WAYNE MASON,                            *
                                                *
            Plaintiff,                          *
                                                *
     v.                                         *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. Defendant argues that Plaintiff fails to articulate a claim for relief and fails to draw any discernable link between his allegations and a legal basis for the Court's exercise of jurisdiction. For the reasons stated below, Defendant's motion is **GRANTED**.

Plaintiff asks that this Court award him various monetized instruments from the United States Treasury in an unspecified amount. Plaintiff alleges that he is entitled to said instruments by virtue of his status as a sovereign citizen of the California Republic. Plaintiff claims that the Federal Reserve unlawfully converted him into a citizen of the United States, and illegally appropriated his valuable metals and coins.

This is not Plaintiff's first claim before this Court. In Mason v. United States, No. 18-503T, at *1-2 (Fed. Cl. Oct. 23, 2018), Plaintiff alleged that he was not subject to taxation by virtue of his status as a sovereign citizen and sought a tax refund of $3,000,000 representing back pay and retirement benefits for the years 1965 through 1992, as well as compensation for the wrongful death of his wife. This Court dismissed Plaintiff's case for lack of subject-matter jurisdiction. Id. at 2-3. In a similar vein, the United States District Court for the District of Columbia summarily dismissed Plaintiff's action for lack of subject-matter jurisdiction. See Mason v. United States, Civ. No. 00-00272 (D.D.C. May 15, 2000).

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss

the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted).

Plaintiff fails to state a claim that is within this Court's jurisdiction. Plaintiff references the Constitution and Congress's "long series of void acts," but does not identify any source of substantive law that entitles Plaintiff to money damages. Compl. Ex. A at 2. Plaintiff cites U.S. Const. art. 1, § 10, cl. 1 and the "Federal Reserve Act" alleging a general conspiracy to distribute counterfeit currency, but fails to articulate why either the Act or the Constitution entitle Plaintiff to monetary relief. Id. at 1, 4. To the extent Plaintiff alleges fraud, conspiracy, or conversion by the Federal Reserve, these are tort claims over which this Court lacks jurisdiction. Ammon v. United States, 142 Fed. Cl. 210, 219 (2019); Allstate Fin. Corp. v. United States, 29 Fed. Cl. 366, 368 (1993).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Senior Judge